SARAH E. MARINHO, SBN 293690
DMITRY STADLIN, SBN 302361
**STADLIN MARINHO LLP**
111 N. Market St. Ste. 300
San Jose, CA 95113
T: (408) 645-7801
F: (408) 645-7802
E: sm@stadlinmarinho.com

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
(San Jose Division)

| | |
|---|---|
| ANDREW KETTMANN, by and through his Guardian ad Litem, LARRY KETTMANN<br><br>Plaintiff,<br><br>v.<br><br>CITY OF SAN JOSE, JOSE URIBE, and MARCNELL PALACIO<br><br>Defendants. | Case No. 19-cv-07925 NC<br><br>SECOND AMENDED COMPLAINT FOR VIOLATION OF CIVIL RIGHTS AND DAMAGES<br><br>1. **Fourth Amendment - Excessive Force 42 U.S.C. § 1983**<br>2. **Fourth Amendment - Excessive Force 42 U.S.C. § 1983 –** *Monell*<br>3. **California Civil Code § 52.1**<br>4. **Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.**<br>5. **Section 504 of the Rehabilitation Act, 29 U.S.C. § 794**<br><br>JURY TRIAL DEMANDED |

1

Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

## NATURE OF THE ACTION

1. Officers with the San Jose Police Department used excessive force on Plaintiff Andrew Kettmann, a conserved adult who was in the midst of a mental health crisis at his board and care home. Police officers broke his leg and used a Taser on him 20 times unnecessarily, then lied to cover up the extent of the beating.

2. The City of San Jose and SJPD have a constitutionally deficient policy, practice or custom which results in excessive use of force on City residents and disproportionately, on mentally ill people. SJPD and Police Chief Eddie Garcia were on notice that the policy was constitutionally deficient due to past complaints of serious injuries and death caused by the police.

3. The City has failed to properly train, supervise and discipline officers for such conduct, and as a result there is a culture within the police department of excessive use of force. Internal Affairs conducted a sham investigation and knew that the involved officer used excessive force and lied about how many times he tased Andrew Kettmann, but Internal Affairs did not recommend that he be terminated, disciplined or even retrained.

4. At the time of Plaintiff's beating, the involved officers had not received POST-approved Crisis Intervention Training and De-escalation technique training beyond the training included in the POST Basic Police Academy.

5. City of San Jose was deliberately indifferent to the Fourth Amendment rights of Andrew Kettmann to be free from excessive force when it failed to train its officers how to safely interact with and arrest people with mental health issues. City allowed officers to continue to respond to arrestees who were exhibiting symptoms of serious mental illness in exactly the same manner as arrestees who are not mentally ill.

2
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

6. Plaintiff Andrew Kettmann was a victim of this deliberate indifference by the City when 14 SJPD police officers immediately attacked him rather than attempt to de-escalate the situation, broke batons on his body while beating him, and left him broken, bruised and covered in Taser barbs. He now seeks damages for this violation of his constitutional rights.

## JURISDICTION

7. The claims alleged herein arise pursuant to 42 U.S.C. § 1983, the Fourth Amendment to the United States Constitution, the Americans with Disabilities Act (ADA), 42 U.S.C. §12101 et seq., Section 504 of the Rehabilitation Act, 29 U.S.C. §794, and California Civil Code § 52.1 (Bane Act).

8. The jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

## VENUE

9. Venue is proper in the Northern District of California under 28 U.S.C. § 1391(b) because the unlawful acts, practices and omissions giving rise to the claims brought by Plaintiff occurred in the City of San Jose, which is within this judicial district.

## PARTIES

10. Plaintiff ANDREW KETTMANN was at all times complained of herein a resident of San Jose, California and under an LPS conservatorship on the basis that he was gravely disabled as a result of a mental disorder such that he could not provide for his own food, clothing or shelter.

11. Defendant CITY OF SAN JOSE (hereinafter referred to as "CITY") is and at all times mentioned herein was a municipal corporation, duly authorized to operate under the laws of the State of California. Under its supervision, the CITY operates the San Jose Police Department ("SJPD").

3
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

12. At all times mentioned herein, Defendant Jose Uribe was employed as a police officer for Defendant City.  Defendant Uribe is sued individually and as a police officer for the City.  By engaging in the conduct described below, Defendant Uribe acted under the color of law and in the course and scope of his employment for Defendant City.  By engaging in the conduct described here, Defendant Uribe exceeded the authority vested in him as a law enforcement officer under the United States Constitution and as an employee of the City.

13. At all times mentioned herein, Defendant Marcnell Palacio was employed as a police officer for Defendant City.  Defendant Palacio is sued individually and as a police officer for the City.  By engaging in the conduct described below, Defendant Palacio acted under the color of law and in the course and scope of his employment for Defendant City.  By engaging in the conduct described here, Defendant Palacio exceeded the authority vested in him as a law enforcement officer under the United States Constitution and as an employee of the City.

14. Each defendant proximately caused injuries and damages because of their negligence, breach of duty, negligent supervision, management or control, violation of public policy and/or excessive use of force.  Each defendant is liable for his/her personal conduct, vicarious or imputed negligence, fault or breach of duty, whether severally or jointly, or whether based upon agency, employment, ownership, entrustment, custody, care or control or upon any other act or omission.

//

4
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

# FACTUAL ALLEGATIONS

**At the Time He was Beaten by SJPD Officers, Andrew Kettmann had Been Conserved for Fourteen Years Because He was Gravely Disabled and Could Not Care for Himself**

15. Although once a promising multi-sport athlete at St. Francis High School, Andrew Kettmann was ordered conserved by the California Superior Court, County of Santa Clara in 2007, when he was 18 years old.

16. Due to his diagnoses of schizophrenia and bipolar disorder, Andrew was not able to provide for his own basic necessities and was determined by the court to be gravely disabled, resulting in the appointment of the Public Guardian.

17. Andrew had been living at a treatment facility in San Jose until late November 2017 when he was transferred to Riviera Club located at 171 S. 11th Street in San Jose, California. Riviera Club is a residential care facility for adults experiencing severe mental illness.

18. Unfortunately, Andrew's psychiatric medications which had been helping him remain stable were not transferred seamlessly and he was off his medication temporarily.

19. On December 3, 2017, Andrew was desperately trying to get his medication at his new facility while not in his right mind due to the lapse in treatment after his transfer. He approached the office in the board and care home where medications are administered, but the woman working there did not seem to be responsive to his request for aid. Andrew allegedly tried to enter the room and the employee blocked him in the threshold.

20. During the altercation in the office doorway, Andrew allegedly shoved the employee twice. The employee called 911 and reported the incident.

21. Toxicology reports confirmed that Andrew was not under the influence of any illegal drugs or alcohol at the time of the events complained of herein.

5
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

**Officers Responded to Andrew Kettmann's Board and Care Home on a Call of Disturbance, and Proceeded to Break Multiple Batons in the Course of Beating Him, Resulting in Bruises, Contusions and a Broken Leg**

22. San Jose Police Officers Jose Uribe and Marcnell Palacio arrived at the board and care home and contacted Andrew. The officers wrote in their reports that Andrew was not complying with their verbal orders and was resisting arrest.

23. A reasonable officer would have realized that Andrew was in the midst of a mental health crisis and was acutely psychotic, and therefore unable to comply with the verbal commands.

24. Andrew was unarmed and the officers had no reason to suspect he was armed.

25. Andrew is 5'10" and at the time of the incident was of average weight for his height.

26. A total of 14 officers arrived at the home.

27. Ofr. Uribe deployed his Taser 20 times during the encounter with Andrew.

28. The first deployment of the Taser caused Andrew to fall.

29. Ofr. Uribe then activated his Taser 19 more times after Andrew was already on the ground. The subsequent applications of the Taser were not warranted.

30. After the encounter, a responding supervisor asked Ofr. Uribe how many times he activated his Taser, and Ofr. Uribe lied and reported that he activated his Taser six to seven times.

31. After Andrew was felled by the first Taser shock, he was not resisting arrest and at most was only exhibiting passive noncompliance.

32. Ofr. Uribe tased Andrew while he lay on the ground and did not (or could not) comply with commands to turn around.

6
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

33. The Taser was not used for the shortest period of time reasonably necessary to take Andrew into custody.

34. Officers Uribe and Palacio knew that they were at a board and care home for people with mental illnesses and should have known that use of a Taser on highly agitated individuals may pose increased health risks to that person.

35. The Defendant officers are not trained by City to recognize the possible cardiac effects of being tased and are not prepared to use automated external defibrillators and cardiopulmonary resuscitation maneuvers when needed.

36. At the time of Andrew's arrest, Defendant SJPD officers were not properly trained on Excited Delirium or apprehension of agitated suspects.

37. Officer Marcnell Palacio used his baton to strike Andrew.

38. Palacio broke his baton while striking Andrew.

39. Palacio's baton strikes resulted in a compound/open fracture to Andrew's lower leg.

40. The other responding officers failed to protect Andrew from the excessive force of their colleagues.

41. He was hospitalized as a result of this injury and suffered immensely.

42. According to the doctor who treated Andrew at the hospital following his arrest, the Tasering caused Andrew to suffer ventricular tachycardia, which is life threatening, in addition to elevated troponin which is released into the blood following an injury such as a heart attack, and elevated creatine kinase (CK) which can indicate muscle or heart damage.

43. Andrew's treating physician wrote in his medical record that "based on the patient's clinical presentation, including altered mental status, tachycardia, elevated troponin and actively bleeding wound from fractured leg after multiple tazer discharges and blunt trauma

7
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

from batons, there was potential for sudden, clinically significant deterioration or life-threatening deterioration which required the highest level of my preparedness to intervene."

44. Because of the beating by Defendants, Andrew was left with a titanium rod and five screws in the left lower leg to repair the spiral fracture of his tibia/fibula.

45. The beating by Defendants caused abrasions to Andrew's lip, chin, cheek, chest and legs and left him with Taser barbs in his armpit, shoulder and torso that had to be removed at the hospital. He had bruises all over his body, including on his back and arms.

46. Andrew is permanently disfigured from the attack and has visible injuries and surgical scars on his left leg from his thigh all the way down to his ankle.

47. Andrew's already fragile mental health was devastated by this unnecessary use of force and he remains disturbed by the incident to this day.

**The Unconstitutional Policies, Training and Supervision of the City of San Jose**

48. At all times relevant to this action, Defendants' actions were negligent, reckless, wanton, willful, knowing, intentional, unreasonable, extreme, outrageous, and deliberately indifferent to the constitutional rights of Andrew Kettmann.

49. Defendants' unconstitutional actions violated clearly established law.

50. At the time Defendants violated Plaintiff's constitutional rights, the City of San Jose's policies, practices or customs allowed police officers to use a Taser on an agitated suspect with mental health issues when such force was not warranted, and alternatives existed.

51. At the time of Defendants violated Andrew's constitutional rights, the City of San Jose failed to adequately supervise and train Defendants to avoid using Tasers on agitated suspects or mentally ill people when other options were available and lethal force was not justified.
8
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

52. The City has been on notice since it introduced Tasers in 2004 that agitated suspects can suffer medical distress and die as a result of Taser use.  Many people have died as a result of Taser use by SJPD police officers, and even more have had needless pain inflicted on them during a mental health crisis when de-escalation and alternative means of effectuating arrest should have been attempted.

53. The City of San Jose's unconstitutional policies, inadequate training and supervision of Defendants was caused by the City's deliberate indifference to the constitutional rights of Plaintiff to be free from excessive use of force and were the moving force behind Defendants' violation of Plaintiffs' constitutional rights.

**The City of San Jose Has a Culture of Excessive Force that is the Moving Force Behind the Violation of Mr. Kettman's Rights**

54. According to the 2018 IPA Year End Report published by the Office of the Independent Police Auditor, 46 excessive use of force complaints were received by SJPD in 2018 which contained 98 separate force allegations. 30 more force allegations were received in 2018 than in 2017; the average number of force allegations received annually over the past five years is 107.

55. 19 percent of all complaints received in 2018 were force complaints containing one or more force allegations.

56. From 2014-2018 there were 281 use of force complaints against SJPD Officers and 534 forced allegations received.

57. From 2014-2018 the types of force applications in allegations were as follows: Baton: 50 applications; Body Weapon: 178 applications; Take Downs: 124 applications; Control Holds: 241 applications; and Tasers: 33 applications.

9
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

58. According to the Civil Grand Jury of Santa Clara County in its report entitled Police and the Mentally Ill: Improving Outcomes, dated May 9, 2018, in 2017, police in the County's largest city, San Jose, faced eight deadly encounters, seven of which reportedly involved individuals with a mental illness.

59. A written survey was sent to the City of San Jose Police Department from the Civil Grand Jury which sought data from Jan. 1, 2013, to Nov. 30, 2017. San Jose reported a total of 15 fatal officer involved shooting incidents during the past five years.

60. The Grand Jury recommended that SJPD "should prepare a plan to ensure that all their officers receive POST-approved Crisis Intervention Training and De Escalation technique training, beyond the training included in the POST Basic Police Academy, by the end of calendar 2018."  SJPD Police Chief Eddie Garcia responded that he agrees with this recommendation but that "it will take 1.8 years to train all sworn personnel in the 40-hour CIT course and will not meet the December 31, 2018 timeline," in part due to budget restraints.

**The City of San Jose Receives Federal Funding for Purposes of the Rehabilitation Act**

61. The City of San Jose Police Department receives federal funding from the U.S. Department of Justice (DOJ) Asset Forfeiture Program.  (See publicly available audit report by the DOJ Office of the Inspector General dated June 2017 which describes SJPD mishandling of federal funds: https://oig.justice.gov/reports/2017/g9017004.pdf ).

62. SJPD received federal funds from the DOJ Asset Forfeiture Program in Fiscal Years 2017 and 2018 (U.S. DOJ, FY2017 Equitable Sharing Payment of Cash and Sales Proceeds by Recipient Agency by State, WWW.JUSTICE.GOV, https://www.justice.gov/afp/fy2017-equitable-sharing-payment-cash-and-sales-proceeds-recipient-agency-state ; and FY2018

10
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

https://www.justice.gov/afp/fy2018-equitable-sharing-payment-cash-and-sales-proceeds-recipient-agency-state).

63.  Agencies that receive federal funding from the DOJ Asset Forfeiture Program must comply with the applicable nondiscrimination requirements of Section 504 of the Rehabilitation Act of 1973 (29 U.S.C. § 794), which prohibits discrimination on the basis of disability in any federally assisted program or activity. (U.S. DOJ, Guide to Equitable Sharing for State, Local, and Tribal Law Enforcement Agencies, page 1, section (I)(B), WWW.JUSTICE.GOV, https://www.justice.gov/criminal-afmls/file/794696/download)

## DAMAGES

64.  As a proximate result of Defendants' conduct, Andrew Kettmann suffered severe pain and permanent disfiguring physical injuries.

65.  As a further proximate result of Defendants' conduct, Andrew suffered severe emotional and mental distress, fear, terror, anxiety, depression, humiliation, embarrassment, and loss of his sense of security, dignity, and pride.

66.  The conduct of the individual Defendants was malicious, sadistic, wanton, and oppressive.  Plaintiff is therefore entitled to award of punitive damages against the Defendants.

## CLAIMS FOR RELIEF

**First Cause of Action**
**(Fourth Amendment – Excessive Use of Force, 42 U.S.C § 1983)**
**(Andrew Kettmann Against Defendants Uribe and Palacio)**

67.  Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

---

11
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

68. In doing the acts complained of herein, Defendants Uribe and Palacio acted under the color of the law to violate Andrew Kettmann's basic human dignity and his right to be free from excessive use of force under the Fourth Amendment to the United States Constitution.

69. Defendants acted under color of law by unlawfully using excessive force on Andrew Kettmann thereby depriving him of his constitutionally protected rights.

70. As a proximate result of defendants' malicious and sadistic conduct, Andrew Kettmann suffered injuries and damages as set forth in paragraph 64-65.  The punitive damage allegations of paragraph 66 apply in this Claim for Relief to all individually-named Defendants.

## Second Cause of Action
### (Fourth Amendment – Excessive Force, 42 U.S.C. §1983 - *Monell* Liability)
### (Andrew Kettmann Against Defendant City of San Jose)

71. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

72. The CITY, by and through its supervisory officials and employees, has been given notice on repeated occasions prior to the excessive force used on Andrew Kettmann, of a pattern of ongoing constitutional violations and practices by the individually-named Defendants herein and other police officers employed with SJPD, including having received notice regarding the use of excessive force, resulting in injuries and deaths across the City of San Jose.  Additionally, CITY is on notice that using a Taser on an agitated individual can be life-threatening but failed to implement constitutionally adequate polices and procedures to protect residents of the City of San Jose.

73. These policies and practices have been and continue to be implemented by Defendants, such as the excessive use of force suffered by Andrew Kettmann at the hands of Officers

12

Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

including Uribe and Palacio, are the proximate cause of the Plaintiff's deprivation of rights secured under the Fourth Amendment.

74. Plaintiff is informed and believes and thereon alleges that high-ranking CITY officials, including high-ranking police supervisors knew and/or reasonably should have known about the repeated acts of unconstitutional excessive force by SJPD officers.

75. Despite said notice, Defendant CITY has demonstrated deliberate indifference to this pattern and practice of constitutional violations, having shown deliberate indifference, by failing to take necessary, appropriate, and/or adequate measures to prevent the continued perpetuation of said pattern of conduct by their employees and agents. This lack of an adequate supervisorial response by Defendant CITY demonstrates the existence of an informal custom, policy, or practice, which tolerates and promotes the continued violation of civil rights of civilians by CITY's employees and agents.

76. Plaintiff is informed and believes that in addition to these long-standing practices and customs, the CITY has failed to provide adequate training, or no training at all, on the obligations of CITY police officers to not engage in excessive force, and to conduct themselves as professionals charged with not only ensuring the investigation of crimes, but the safety of suspects as well.

77. The acts of the individually-identified Defendants alleged herein are the direct and proximate result of the deliberate indifference of Defendant CITY and its supervisory officials and employees to violations of the constitutional rights of suspects by the individually-named Defendants and other police officers.

78. The CITY has failed to adequately seek out or stop such sadistic behavior as alleged herein by failing to investigate claims of excessive force, and further failing to adequately

13
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

discipline, punish, or expel police officers who have engaged in the aforementioned and/or similar conduct when contacting suspects and other civilians.

79. The CITY has either provided no training at all in regard to appropriate handling, treatment, and protection of suspects who are in the midst of a mental health crisis, or has received wholly inadequate training with no measurable standards, or no measuring, of the training recipients understanding, retention, and application – or non-application – of training materials and subject matter.

80. Andrew Kettmann's injuries were a foreseeable and a proximate result of the deliberate indifference of the CITY to the constitutional violations taking place in the SJPD, existing as a result of the patterns, practices, customs and/or policies, and/or lack of training or non-existent training, described above.

81. As a proximate result of CITY's conduct and omissions, Andrew Kettmann suffered injuries and damages as set forth in paragraphs 64-65.

**Third Cause of Action**
**(California Civil Code § 52.1)**
**(Andrew Kettmann Against Defendants Uribe and Palacio)**

82. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

83. The conduct of Defendants as described herein violated California Civil Code § 52.1, in that they interfered with Plaintiff's exercise and enjoyment of his civil rights, as enumerated above, through excessive force.

84. As a direct and proximate result of Defendants' violation of Civil Code § 52.1, Plaintiff suffered violation of his State and Federal constitutional rights, and suffered damages as set

14
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

forth in paragraphs 64-65.  The punitive damage allegations of paragraph 66 apply in this Claim for Relief to all individually-named Defendants.

85. Since the conduct of Defendants occurred in the course and scope of their employment, Defendant CITY is therefore liable to Plaintiff pursuant to *respondeat superior*.

### Fourth Cause of Action
### (Americans with Disabilities Act, 42 U.S.C. § 12101, et seq.)
### (Against CITY)

86. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

87. Plaintiff is a qualified individual with a disability as defined in the ADA.  He has mental impairments that substantially limit one or more major life activities, he has a record of such impairments, and is regarded as having such impairments. 42 U.S.C. § 12102(2); 42 U.S.C. § 12131(2).

88. Defendant City of San Jose is a public entity as defined under 42 U.S.C. § 12131(1)(A).

89. Defendant CITY violated the ADA by failing to ensure that Plaintiff had access to, was permitted to participate in, and is not denied the benefits of programs, services, and activities. 42 U.S.C. § 12132; 28 C.F.R. § 35.152(b)(1).

90. Defendant violated the ADA by failing to make "reasonable modifications in policies, practices, or procedures when the modifications are necessary to avoid discrimination on the basis of disability…" 28 C.F.R. § 35.130(b)(7).

91. Defendant violated the ADA by failing to ensure that suspects with disabilities are reasonably accommodated, including by training officers to use de-escalation techniques when the suspect does not pose a direct threat to others.

15
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

92. Plaintiff did not pose a direct threat to others and using such excessive force on him at his board and care home is not a legitimate safety requirement necessary for the safe operation of services, programs, or activities. 28 C.F.R. § 35.139.

### Fifth Cause of Action
### (Section 504 of the Rehabilitation Act)
### (Against CITY)

93. Plaintiff incorporates by reference each and every allegation contained in the preceding paragraphs as if set forth fully herein.

94. Plaintiff is a qualified individual with a disability as defined in Section 504 of the Rehabilitation Act, 29 U.S.C. § 794.

95. Defendant receives federal funding within the meaning of the Rehabilitation Act as described in paragraphs 61 through 63, above.

96. Defendant violated Section 504 of the Rehabilitation Act by discriminating against Andrew Kettmann and other arrestees with psychiatric and intellectual disabilities solely on the basis of their disabilities. 29 U.S.C. § 794.

97. Defendant violated Section 504 of the Rehabilitation Act by failing to reasonably accommodate Plaintiff and his disabilities in its facilities, programs, activities and/or services.

98. Defendant's policy and practice of discriminating against people with disabilities in the use of force to effectuate arrests instead of attempting to de-escalate the situation is not reasonably related to legitimate law enforcement interests because (1) it worsens the arrestees psychiatric and physical conditions; (2) there are alternative means to safely bring them into custody; and (3) using lethal force is an exaggerated response as they do not require such severe arrest techniques on the basis of their disabilities and it is therefore unreasonable force.

16
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC

### EXHAUSTION OF PRE-LAWSUIT PROCEDURES
### FOR STATE LAW CLAIMS

99.     Plaintiff has complied with all applicable requirements and submitted a timely Government Tort Claim Notice pursuant to G.C. 910, et seq., within six months of the incident, which has been rejected either in writing, or by operation of law, by the CITY.

### PRAYER FOR RELIEF,

WHEREFORE, Plaintiff respectfully requests that this Court:

1.)     Award Plaintiff general, special and compensatory damages in an amount to be proven at trial.

2.)     Award Plaintiff punitive damages against individually named Defendants, and each of them, for their extreme and outrageous conduct in complete disregard for the rights of the Plaintiff;

3.) Award Plaintiff statutory damages and/or attorney's fees against all Defendants as allowed by 42 U.S.C. §1988.

4.) Award Plaintiff statutory damages and/or attorney's fees against all Defendants as allowed by Title I and II of the ADA and Sections 501 and 504 of the Rehabilitation Act.

5.) Grant Plaintiff such other and further relief as the Court deems just and proper.

Dated: January 20, 2021                    /S/ Sarah E. Marinho
                                           SARAH E. MARINHO
                                           Attorney for Plaintiff

JURY DEMAND:  Plaintiff demands a trial by jury in this matter, pursuant to FRCP 38(a).

Dated: January 20, 2021                    /S/ Sarah E. Marinho
                                           SARAH E. MARINHO
                                           Attorney for Plaintiff

---

17
Second Amended Complaint for Violation of Civil Rights
Jury Trial Demanded
Andrew Kettmann v. City of San Jose, et al.
Case No. 19-cv-07925 NC